IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| GEORGE McDOUGAL, JASON BRYANT, and WILLIAM C. MOSS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:14-cv-0067 |
| TENNESSEE DEPARTMENT OF CORRECTION et al., | ) ) ) ) | Chief Judge Haynes |
| Defendants. | ) ) | |

## ORDER

This *pro se* action was filed by four Plaintiffs who are prisoners in the custody of the Tennessee Department of Corrections and are presently incarcerated at the Turney Center Industrial Complex in Only, Tennessee. Three of the four Plaintiffs, George McDougal, Jason Bryant, and William C. Moss, have also filed applications to proceed *in forma pauperis*. (Docket Entry Nos. 2, 3, and 4.) For good cause shown, these applications are **GRANTED**. Because Plaintiff Andrew Helton did not submit an application to proceed *in forma pauperis* or any portion of the filing fee, the claims asserted by him are **DISMISSED WITHOUT PREJUDICE** and the filing fee will not be assessed against him.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), the remaining three Plaintiff are each assessed 1/3 of the $350.00 civil filing fee, or $116.67. The Warden of the institution where Plaintiffs are incarcerated is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to each Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to each Plaintiff's credit for the six-month period

immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of each Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when that Plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments from each individual shall continue until each has submitted in full his $116.67 portion of the $350.00 filing fee. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the Warden of the Turney Center Industrial Complex to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If any Plaintiff is transferred from his present place of confinement, the Warden must ensure that a copy of this order follows such Plaintiff to his new place of confinement, for continued compliance herewith. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

In their complaint, Plaintiffs name as Defendants the Tennessee Department of Corrections ("TDOC"), and various TDOC and prison officials, including TDOC Commissioner, Derrick Schofield; TDOC Deputy Commissioner of Operations, Jason Woodall; Turney Center Warden Debra Johnson; Deputy Warden Jonathan Lebo; Chaplain Tim Coleman; and TDOC Director of Religious and Volunteer Services, Deborah Thompson. Each of these Defendants is named in his or her official capacity only. Plaintiffs assert that they are adherents of the Odinic religion and that they have been prohibited by prison officials, as a matter of policy, from practicing their religion in private or as a group. Plaintiffs assert that in unreasonably forbidding the private and group practice of their religion, Defendants have interfered with their rights under the First Amendment, in violation of 42 U.S.C. § 1983, the Religious Land Use and

Institutionalized Persons Act ("RLUIPA"), state law, and TDOC policy. Plaintiffs seek injunctive relief only.

The Court concludes that Plaintiffs have stated colorable claims under federal and state law against the individual Defendants in their official capacity. *Cf. Gordon v. Caruso*, 720 F. Supp. 2d 896 (W.D. Mich. 2010) (denying summary judgment to defendants on inmate plaintiff's claim that corrections officials violated his rights under § 1983 and the RLUIPA by preventing him from engaging in group worship services with other adherents of his Odinic faith); *Gantley v. Thompson*, No. 5:08CV-P131-R, 2009 WL 464951 (W.D. Ky. Feb. 24, 2009) (dismissing claims for monetary damages but permitting claims for injunctive relief by inmate allegedly deprived of right to practice Odinic religion to proceed). The Defendant TDOC is **DISMISSED** as an improper party for a Section 1983 action. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989).

The Clerk is **INSTRUCTED** to **ISSUE PROCESS** to Defendants at the addresses indicated in the Complaint.

Plaintiffs are forewarned that their prosecution of this action will be jeopardized if they fail to keep the Clerk's Office informed of each individual Plaintiff's current address at all times.

It is so **ORDERED**.

**ENTERED** this the ___16___ day of June, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court